**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHUKWUMA E. AZUBUKO,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1633-D |
| | ) | |
| **JUDGE HENRY LEE ADAMS, et al.,** | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:   This is a civil rights action brought by a *pro se* litigant.

Parties:   According to the complaint, Plaintiff is a resident of Boston, Massachusetts. Defendants are federal judges. The court has not issued process in this case, pending preliminary screening.

Findings and Conclusions:   The court has granted Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. The complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court. Section 1915(e)(2)(B) reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal –
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or

> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In this action, Plaintiff seeks to sue out-of state federal judges for rulings issued against him in his prior lawsuits. He seeks compensatory and punitive damages.

Judges enjoy absolute immunity from liability for monetary damages in connection with actions taken in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 10 (1991); Stump v. Sparkman, 435 U.S. 349, 355-56 (1977); see also Brandley v. Keeshan, 64 F.3d 196, 200-201 (5th Cir. 1995). Based on the facts alleged in the complaint, it is clear that all the Defendants named in the complaint were acting in their judicial capacity and took no action "in the complete absence of all jurisdiction." See Mireles, 502 U.S. at 11-12. Moreover, if Plaintiff is dissatisfied with the disposition of his actions filed in other federal district courts, the appropriate course of action is to pursue an appeal from the judgment entered in each action, rather than to ask this court to intervene or render judgment in his favor. Accordingly, this action should be dismissed with prejudice as frivolous and because it seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

A search of the United States Party/Case Index indicates that Plaintiff is an active *pro se* litigant in federal courts nationwide, having filed 39 cases since 2000.

The court has an obligation to protect the orderly administration of justice and can issue an injunction to discharge that duty. Urban v. United Nations, 768 F.2d 1497, 1500 (D.C.Cir.1985). Sanctions also are appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. See Fed. R. Civ. P. 11; In re Green, 669 F.2d 779, 787 (D.C.Cir. 1981). Litigants who abuse the judicial process are "not entitled to sue and appeal without

paying the normal filing fees--indeed, *are not entitled to sue and appeal, period."* Free v. United States, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added).  Plaintiff should be warned that if he persists in filing frivolous lawsuits, the court may impose monetary sanctions and bar him from bringing *any further actions of any kind* without prior court approval.  See Ruston v. United States, 2004 WL 2187120, *2 (N.D.Tex. 2004) (issuing similar warning to *pro se* litigant with history of filing frivolous lawsuits); Scott v. Stephenson, 2002 WL 1432373 at *3 (N.D.Tex. Jul. 1, 2002) (same).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous and because it seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

It is further recommended that Plaintiff be warned that sanctions may be imposed if he persists in filing frivolous lawsuits.

A copy of this recommendation will be mailed to Plaintiff Chukwma E. Azubuko, P.O. Box 1351, Boston, MA 02117-1351.

Signed September 29, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and

conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.